IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EMILY WYMAN, | ) |
| Plaintiff, | ) Case No. _____ |
| v. | ) JURY DEMAND |
| TENNESSEE DEPARTMENT OF CORRECTION, | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Emily Wyman, by and through her attorney, alleges for her Complaint as follows:

### I. INTRODUCTION

1. Plaintiff brings this action address unlawful violations of her rights under the Family Medical Leave Act ("FMLA" or "the Act"), 29 U.S.C. §§ 2601, et seq. and Tenn. Code Ann. Section 8-50-116. Specifically, Defendant required her to return to a job post-FMLA leave that had substantially different duties (book keeping v. face to face with prisoners), conditions (working in an office setting v. working in dangerous surroundings), privileges (working Monday through Friday, 8 hour shifts v. working two or three days on then two or three days off with 12 hour shifts) and status as her pre-FMLA leave position, and to address retaliation for "blowing the whistle" on overtime payments made to employees who were not actually working.

### II. THE PARTIES

2. Plaintiff currently resides in Davidson County, Tennessee, and is a citizen of the United States.

3. Within the provisions of the FMLA, specifically under 29 U.S.C. § 2611(2)(A), Plaintiff was an "eligible employee."

4. Defendant does business within the Middle District of Tennessee.

5. Defendant can be served through the Tennessee Attorney General, Herbert H. Slattery, Esq.

6. At all times material to this action, Defendant has been engaged in commerce as defined by § 2611(1) of the FMLA.

7. Defendant is bound by the rules and regulations of the FMLA.

### III. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and through supplemental jurisdiction.

9. Defendant does business throughout Middle Tennessee and is an employer within the provisions of the FMLA, specifically under 29 U.S.C. § 2611(4)(A).

10. Venue is proper in the Middle District of Tennessee under 28 U.S.C. § 1391(b)-(c).

### IV. FACTS

11. Ms. Wyman, who had five years of prior corrections experience, worked for the Tennessee Department of Correction in its Tennessee Prison for Women as a corrections officer in a timekeeping/administrative capacity.

12. Ms. Wyman worked in an office on a daily basis and not with the general prison population.

13. Ms. Wyman had very good reviews during her prior employment in Milwaukee County, Wisconsin, and also while working for the State of Tennessee.

14. In the Spring of 2018, Ms. Wyman began to notice that timekeeping sheets were not matching payroll records.

15. Specifically, she noticed that the records that were being sent to the central office in Nashville did not match the hours that were actually being worked by employees.

16. After noticing this, she spoke with David Sexton and Brian Hughes.

17. Mr. Sexton was the Correctional Administrator for the region.

18. Mr. Hughes was in the Human Resources Department.

19. During that meeting, she informed them that she was worried about losing her job, but that something was wrong with the timekeeping records---specifically, that records being submitted for payment were overclaiming hours worked and misrepresenting who was actually working.

20. In sum, she informed Mr. Sexton and Mr. Hughes that fraud was being committed.

21. During that meeting, Ms. Wyman was told that they would look into the matter and see what needed to be done.

22. While waiting to hear from Mr. Sexton and Mr. Hughes, Ms. Wyman was instructed by a number of people to make up false records.

23. The Assistant Warden of Security, Darlene Scott, directed her to make up false records.

24. Captain Dennis Henry directed her to make up false records.

25. Captain Terry Barlow directed her to make up false records.

26. Lieutenant (now Captain) Marquis Hornsby directed her to make up false records.

27. Lieutenant Tina Heflin was one of the last people to discuss this issue with her while Plaintiff was employed.

28. With nothing being done about her prior complaint and high-level officers demanding that she help cook the books, despite being worried that she would lose her job, Mr. Wyman told them that she simply could no longer participate in the fraudulent scheme.

29. In response, she was told that it was her job to put in the hourly numbers that were being reported to her and that she should continue to do so.

30. On or about March 26, 2019, she told Assistant Warden of Security Barlow that she was refusing to continue to lie.

31. AWS Barlow then told Ms. Wyman that she would no longer be a timekeeper.

32. Ultimately, the tremendous stress, coupled with the Department's refusal to do anything about her complaints, Ms. Wyman took FMLA leave.

33. While on leave, Ms. Wyman was informed that she was under investigation.

34. While on leave, she was told that she would have different responsibilities upon her return and, despite not working with the general population in over two and a half years, that she would be required to work in one of the most dangerous and stressful parts of the prison.

35. The new position was not the same or a similar position from the position she had before taking leave.

36. The new position required different duties and responsibilities from the position she had before taking leave.

37. The new position required Ms. Wyman to change from a Monday through Friday work week to a two (2) days on, two (2) days off/three (3) days on and three (3) days off workweek.

38. The new position required that she have a twelve (12) hour shift and no longer an eight (8) hour shift.

39. Under these conditions, Ms. Wyman's doctor advised her that it would be too stressful and that she should not return to work but instead resign, which she did on or about June 24, 2019.

40. Ms. Wyman was "red-flagged" by TDOC, which prevents her from getting a job at other correctional facilities.

41. Rutherford County wanted to hire Ms. Wyman to work in a correctional facility but she was told that she was "red-flagged" and could not be hired.

42. Ms. Wyman continues to be "red-flagged" to this day and is unable to get a job in a correctional facility run by the State of Tennessee.

43. Ms. Wyman ultimately needed to cash in her 401k and her pension.

44. Ms. Wyman lost coverage under a student forgiveness act that benefitted state employees and would have forgiven her loans in a matter of three to four years.

## V. COUNT ONE

45. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-44 herein. By its actions alleged herein, Defendant violated the provisions of Sections 2614 and 2615 of the FMLA by interfering with, restraining and/or denying Plaintiff rights under the FMLA.

46. Upon return from FMLA leave, an employee is entitled to be restored to the same position held prior to the beginning of the leave, or its equivalent, in terms of benefits, pay and other terms and conditions. 29 U.S.C. § 2614(a)(1)).

47. The restoration of salary, title, and benefits does not necessarily constitute restoration to the same position within the meaning of section 2614(a)(1)(A) when the job duties and essential functions of the newly assigned position are materially different from those of the employee's pre-leave position.

48. An equivalent position is one that is virtually identical to the employee's former position in terms of pay, benefits and working conditions, including privileges, perquisites and status. It must involve the same or substantially similar duties and responsibilities, which must entail substantially equivalent skill, effort, responsibility, and authority. 29 C.F.R. § 825.215(a).

49. An equivalent position must have substantially similar duties, conditions, responsibilities, privileges and status as the employee's original position.

50. Defendant violated the FLMA by requiring Plaintiff to return to a job with substantially different duties, conditional, responsibilities, privileges and status as her pre-FMLA leave position.

## VI.  COUNT TWO

51. State employees are encouraged to report violations of state or federal law or regulations, fraud in government programs, misappropriation of government resources, health and safety dangers, mismanagement, and abuses of authority.

52. Whistleblowers are protected from retaliation for reporting: violations of state and federal laws and regulations, fraud, misappropriation of resources, health and safety dangers, gross mismanagement, gross waste of government funds, or gross abuse of authority.

53. Defendant was not legally allowed to reassign, transfer, discipline or otherwise discriminate against anyone for reporting gross waste of government funds or misappropriation of state or federal resources.

54. Plaintiff was retaliated against for reporting such violations, which strikes against Tenn. Code Ann. Section 8-50-116.

## VII.  PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for the following relief:

A. That proper process issue along with a copy of this complaint requiring the Defendant to appear and answer;

B.  That Plaintiff be awarded damages in the amount of any wages, salary, employment benefits or other compensation, including, but not limited to back pay and front pay, plus an equal amount of liquidated damages and/or prejudgment interest;

C.  Any actual monetary loss sustained by the Plaintiff, plus an equal amount of liquidated damages and/or prejudgment interest under the FMLA;

D.  A finding that Plaintiff was injured by a willful and malicious violation of Tenn. Code Ann. Section 8-50-116 or by a violation based upon an effort to obtain personal gain and that the Court award three (3) times the amount of actual damages

E.  Reasonable attorneys' fees;

F.  The costs and expenses of this action;

G.  Such other legal and equitable relief to which Plaintiff may be entitled, including but not limited to no longer having a "red-flag" on her employment file; and

H.  Plaintiff also demands a jury to try this cause.

Respectfully Submitted,

/s Robert C. Bigelow, Esq.

Robert C. Bigelow, Esq. #022022
Bigelow Legal, P.C.
4235 Hillsboro Pike, Suite 217
Nashville, TN 37215
(615) 829-8986
rbigelow@bigelowlegal.com